LIBERTY MUTUAL INSURANCE COMPANY, Respondent, *v.*
GEORGE COLON & Co., INC., Appellant.

(Argued October 20, 1932; decided November 22, 1932.)

*Frederick Mellor* for appellant. The judgment in the case of the administratrix against the defendant herein is not *res adjudicata* in this action. (*Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; 281 U. S. 98; *Glaser* v. *Husite*, 232 App. Div. 119; 256 N. Y. 686; *Haverhill* v. *International Ry. Co.*, 217 App. Div. 521; 244 N. Y. 582; *Syczyk* v. *Szczerbaniewicz*, 233 App. Div. 342; *First Nat. Bank* v. *Shuler*, 153 N. Y. 163; *St. John* v. *Fowler*, 229 N. Y. 270; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Morette* v. *Bostwick*, 127 App. Div. 701; *Pinney* v. *Geraghty*, 209 App. Div. 630.) In this action the plaintiff would be required to prove the freedom of the deceased from contributory negligence which prevents the application of the rule of *res adjudicata*. (Civ. Prac. Act, § 265; *Brustein* v. *New Amsterdam*

*Casualty Co.*, 255 N. Y. 137; *Johnson* v. *Lutz*, 253 N. Y. 124; *Exchange Mutual Ind. Ins. Co.* v. *Central Hudson Gas & El. Co.*, 243 N. Y. 75; *People* v. *Long Island R. R. Co.*, 194 N. Y. 130; *Johnson* v. *H. R. R. Co.*, 49 N. Y. 455; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *O'Tier* v. *Sell*, 252 N. Y. 400; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *St. John* v. *Fowler*, 229 N. Y. 270.)

*Walter G. Evans, James P. Allen, Jr.*, and *John P. Smith* for respondent. The provision of section 29 of the Workmen's Compensation Law creating the new cause of action in favor of the employer or carrier who has made payments to the State Treasurer under subdivisions 8 and 9 of section 15 establishes the relationship of indemnitor and indemnitee between the wrongdoer legally responsible for the employee's death and the innocent employer or carrier making such payments. (*Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola*, 144 N. Y. 663; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550; *Van Santen* v. *Standard Oil Co.*, 81 N. Y. 171; *Dunn* v. *Uvalde*, 175 N. Y. 214; *Scott* v. *Curtis*, 195 N. Y. 424; *Phœnix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; 281 U. S. 98; *Grand Rapids Lumber Co.* v. *Blair*, 190 Mich. 518; *Travelers Ins. Co.* v. *Post & McCord*, 128 Misc. Rep. 626; *Travelers Ins. Co.* v. *Padula*, 224 N. Y. 397; *Matter of Petrie*, 215 N. Y. 335.) The indemnity action being one to recover damages for causing death, the burden is upon the defendant to prove deceased guilty of contributory negligence, and this issue having been determined in the prior action, the same is binding and conclusive upon the defendant. (*Travelers Ins. Co.* v. *Staten Island R. T. Ry. Co.*, 134 Misc. Rep. 6.)

LEHMAN, J. The Workmen's Compensation Law (Cons. Laws, ch. 67) imposes upon the employer and insurance carrier an obligation to pay compensation to the dependents of the employee, or where " there are no persons entitled to compensation " to pay into a special

fund the sum of $1,000. (§ 15, subds. 8 and 9.) In this case there were " no persons entitled to compensation " because the administratrix of the employee brought suit against the defendant for wrongfully causing the death of the decedent, and the dependents recovered in that action a sum larger than the compensation provided in the statute. The plaintiff consequently was compelled to pay the sum of $1,000 into the special fund and that payment operated to give to the employer a cause of action for the amount of such payment against a person not in the same employ whose negligence or wrong caused the death of the employee. (§ 29.)

The cause of action is created for the purpose of placing upon the person whose negligence or wrong caused the death of a workman the obligation to indemnify the employer or carrier who, because of such death, is required to make payment to the State Treasurer. If by denial or defense interposed in the proceedings under the Workmen's Compensation Law the carrier could have defeated the claim of payment to the State Treasurer; — if the award was invalid — then the carrier is not entitled to indemnification and has no cause of action against a third party. Even where a carrier could not defeat the claim made in the proceedings under the Workmen's Compensation Law and the award is valid, it can still obtain indemnification from a third party only by establishing that the third party is liable for causing the death of the employee by its negligence or wrong.

No adjudication can be made that a third party is liable upon a cause of action for indemnification without opportunity afforded to the third party to contest the cause of action asserted against it in regard to every element that enters into that cause of action. (*Phœnix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; affd., 281 U. S. 98, 108.) In that case the Supreme Court of the United States said: " In creating the cause of action in order to obtain this indemnification, there was

no lack of due process of law, as there was none in the means affirmed by the State for enforcing the liability. In the action to enforce it the appellant, could as the state court has held in the present case, ' avail itself of any defense which it has or ever had. It has a right to establish, if it can, that there could have been no recovery in the negligence action which it settled, and may test the validity of the awards against the insurance carrier by any defense which the carrier could have interposed, as it was not a party to that proceeding and is not bound thereby.' "

The third party defendant in that case was not a party to the proceedings, under the Workmen's Compensation Law, in which an award was made. It had no right to interpose a defense in those proceedings and we held, therefore, that it was not bound by any adjudication in that proceeding and could still " test the validity of the awards against the insurance carrier by any defense which the carrier could have interposed." Here the defendant's affirmative defense concedes the validity of the award and does not assert that the carrier could have interposed any defense in the proceedings against it. It does not deny that it has paid a judgment recovered against it for negligence in causing the death of the employee, but asserts in its second defense that the death of the employee " occurred by reason of his own negligence." That issue has already been adjudicated against it in an action to which it was a party. Because the plaintiff was not a party to that action, the defendant claims the right to litigate that issue anew in this action.

Nothing that was said in *Phœnix Indemnity Co.* v. *State Island R. T. Ry. Co.* (*supra*) lends support to that claim. There the action brought in behalf of the dependents of the deceased employee against the third party was settled and there was no adjudication that the third party was liable. All that we said was that the defendant there had " a right to establish, if it can, that there

could have been no recovery in the negligence action which it settled " (p. 138). Here, as we have said, a judgment was recovered in the negligence action, and it cannot now be contended that " there could have been no recovery " in that action.

Of course if contributory negligence had not been a defense in that action, or even if the burden of proof upon that issue had been different, there might be sound ground for holding that the defendant might again litigate that issue, but we are agreed that in this action, as in the action in which recovery was had, contributory negligence is an affirmative defense upon which the same defendant had the same burden of proof. The usual rule that in an action to enforce an obligation of indemnity, a judgment in a prior action, establishing the liability of ·the person to whom indemnity is due, is not binding upon the indemnitor unless " vouched in " to the earlier action, has, of course, no application where the indemnitor is the defendant in the original action. Here the only possible ground for holding that the judgment in the negligence action is not binding upon the *defendant* is that the *plaintiff* was not a party to that action.

The general rule is that the estoppel of a judgment must be mutual, and since the judgment is binding only upon the parties to the action, no stranger to the action may assert an estoppel by judgment against a party to the action. There are some well-established exceptions to that rule which are difficult to classify. The problem here presented is perhaps novel. The obligation of the defendant does not arise from contract or from any breach of duty owed to the plaintiff. It is imposed by law as a penalty where a breach of duty to an employee causes the death of such employee. The personal representatives of the deceased employee established in the negligence action brought by them the defendant's liability to them. May the defendant again assert in this action that it was not liable to them?

Where compensation is awarded to an employee or his dependents the employer or carrier has no right of action against a third party except as such rights are based upon subrogation or assignment of the cause of action against such third party. In such case if the injured workman has brought an action against a third party, an adjudication in that action effectively binds the employer and carrier, though not parties to the action. They must pay the compensation provided by the statute in excess of any recovery by the plaintiff in that action, and no cause of action remains against the third party to which they are entitled by subrogation or assignment. Only where an award is paid to the State Treasurer because of "injury causing death, in which there are no persons entitled to compensation" does such payment operate to give to the employer or carrier a cause of action *in addition* to the cause of action of the legal representatives of the deceased. If in such case there are no dependents, the employer or carrier must make the payment required by the statute regardless of the outcome of the action brought by the representatives of the deceased. There it may be argued that the employer or carrier has no connection with the plaintiff in the action and is not bound by any adjudication. The argument fails where there are dependents. Then the adjudication does bind the employer and carrier, though not parties to the action. If it results in a judgment in favor of the third party or a recovery against him which affords a dependent less compensation than is provided by the statute, then the employer or carrier remains liable for the excess and the statute does not create any cause of action in his favor. If it results in a judgment which does provide full compensation to all dependents, then the employer or carrier comes under an obligation to pay $1,000 to the State Treasurer and may resort to a cause of action, against the third person, created by the Legislature in order to provide indemnification for such payment.

The Legislature has made the amount of recovery in an action brought by an injured workman or his dependents against a third party the measure of the employer's obligation to pay compensation; the recovery in the action against a third person, enuring to the benefit of the dependents of a deceased employee, is made the basis of an obligation imposed by statute upon others who were not parties to the action, and the same statute creates a right of action for indemnity in their favor against the defendant in the original action. The Legislature could hardly have intended that the right of the dependents to recover in the original action should be litigated again in the action brought for indemnity by those obligated to pay *as a result of the recovery in the original action*. The defendant has had full opportunity to litigate the issue of its responsibility for the death of the workman in the action brought by the representatives of the deceased. It cannot maintain that a judgment against it in that action is not in accordance with due process of law merely because it results in the imposition of a penalty as well as damages since a judgment in its favor would have been a conclusive adjudication that no penalty could be collected. The only questions that remain open in this action relate to the proceedings against the plaintiff for an award.

The judgment should be affirmed, with costs.

POUND, Ch. J. (dissenting). The action is brought under section 29 of the Workman's Compensation Law to recover $1,000 paid into the State treasury by plaintiff pursuant to subdivisions 8 and 9 of section 15 thereof in a case of injury causing death in which there are no persons claiming compensation. The administratrix of the estate of a deceased employee of a third party has elected, under section 29, to pursue her remedy against defendant.

Section 29 provides: " * * * In case of the payment of an award to the state treasurer in accordance

with subdivisions eight and nine of section fifteen such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased. * * * "

The complaint of the insurance carrier against the third party liable for the injury sets up the recovery of a judgment against defendant and that such judgment is *res adjudicata* and demands judgment accordingly. The answer sets up as one defense that deceased had one dependent on him. The Special Term on a motion for summary judgment refused to strike out the answer. The Appellate Division reversed and granted the motion to strike out. This defense has no merit as no dependent claimed an award for compensation. (*Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202, 207.)

It sets up as a further defense, which has also been stricken out, that the death of deceased was due to his own negligence; that the judgment in the death action is not *res adjudicata* and that defendant may avail itself of any defense which it has or ever had; that it has a right to establish, if it can, any defense which it could have interposed in the death action, as plaintiff was not a party to such action and is not bound by the judgment therein. (*Phœnix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127, 138; affd., 281 U. S. 98.) This defense should not have been stricken out. *Res adjudicata* is obviously not controlling. There is no identity of parties or causes of action. This cause of action is purely statutory. Nor is this a case of vouching in for the plaintiff was never called upon to defend the death action. The omission to vouch in the plaintiff in the death action imposes upon the plaintiff in this action the burden of establishing anew all the actionable facts (*Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550) which are the same as in the death action out of

which this cause of action grows. This action is also an action "to recover damages for causing death." That is the cause of action which must be proved to entitle the plaintiff to recover. Contributory negligence of the person killed is a defense to be pleaded and proved by the defendant as in the administratrix's action. (Civ. Prac. Act, § 265.)

The conclusion seems inevitable that plaintiff must establish anew the original cause of action out of which this statutory action arises subject to the same defenses the defendant had in the action to recover damages for causing death by negligence.

The case differs from one where the indemnitor has by contract agreed to pay the indemnitee any sums that it might be compelled to pay. Here the statute gives the cause of action and we have said with some deliberation in effect that unless the defendant may avail itself of any defense which it has, the statute would be giving a right to take property without due process of law. (*Phœnix Indemnity Co.* v. *Staten Island R. T. Ry. Co., supra.*) But it has the burden of proof when it comes to establishing the negligence of the deceased. (Civ. Prac. Act, § 265, *supra.*)

The fact that in the leading case there was no judgment rendered in the death case because the action was settled does not alter the force of the *dictum* cited. Here the judgment in the death action has never established the defendant's liability in this action as defendant has never had a chance to defend itself against the statutory cause of action.

The judgment of the Appellate Division should be reversed and the order of the Special Term modified by striking out the first defense pleaded and as so modified affirmed, with costs in this court and in the Appellate Division.

CRANE, HUBBS and CROUCH, JJ., concur with LEHMAN, J.; POUND, Ch. J., dissents in opinion in which KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.