**BEHRENS v. SKELLY et al.**
Civil Action No. 6269.

District Court, W. D. Pennsylvania.
March 1, 1948.

Leonard M. S. Morris (of Sachs & Caplan), of Pittsburgh, Pa., for plaintiff.

Leon E. Hickman and William K. Unverzagt (of Smith, Buchanan & Ingersoll), both of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

In this action, plaintiff seeks a judgment that all of the capital stock of the defendant Liggett Spring & Axle Company, and of the defendant Axleton Water Company and certain obligations of Liggett, consisting of judgments, promissory notes, mortgage bonds, open accounts, and interest upon the foregoing—such obligations together aggregating approximately $300,-000—are the sole property of the plaintiff; that the defendants be ordered to assign

and transfer the said stock and obligations to the plaintiff; that the defendants be required to account to the plaintiff for the avails and profits of the said shares of stock and obligations, all monies, assets, and other property of Liggett and Axleton, and for all sums of money received by the individual defendants from Liggett and Axleton, whether as creditors, stockholders, directors, officers, employees, or otherwise; and that the defendants pay the plaintiff such compensatory and exemplary damages as are found just and proper by the Court.

This action is now before us on motion of defendants Charles E. Dexter, Jr., Marc J. Sandler, Clarence O. Devore, Liggett Spring & Axle Company and Axleton Water Company for judgment on the pleadings (which consists of the complaint, answer and reply). The reason assigned, and which was argued, is that it appears from the pleadings that the claim asserted by the plaintiff against the above defendants has been previously adjudicated by the plaintiff and predecessors in title of said defendants and therefore the plaintiff is barred by res judicata from prosecuting this action against these defendants.

In the consideration of this motion, the allegations of fact in the complaint and reply must be taken as true.

Defendants, in their answer, pleaded as a defense to plaintiff's claim, an award in arbitration and judgments of the Supreme Court of New York and the Court of Appeals in that State in favor of Gertrud Feuerring and Alfred Schwabacher in an action in which Henry Behrens, the plaintiff in this case, was plaintiff and above Gertrud Feuerring and Alfred Schwabacher were defendants.

The following facts are established for the purpose of this motion:

(a) Prior to June 5, 1941, City Bank Farmers Trust Company, a New York corporation, as trustee under the will of William G. Park, deceased, owned all of the shares of capital stock of Liggett, all of the shares of capital stock of Axleton and certain obligations of Liggett which are described in paragraph 9 of the complaint, the said obligations (hereinafter called

"other property") aggregating as before stated, approximately $300,000.

(b) Prior to June 5, 1941, Behrens entered into negotiations with City Bank for the purchase of the said shares of stock and other property. On or about June 5, 1941, an agreement was reached whereby City Bank agreed to sell the shares of stock and other property to Behrens for a consideration of $80,000.

(c) Subsequently, Gertrud Feuerring and Alfred Schwabacher become participants with Behrens in the intended purchase under three successive agreements, the second (October) amending the first (September) and the third (November) superseding the other two. All were made in 1941.

(d) Behrens as one party, and Feuerring and Schwabacher, collectively as the other party, entered into an agreement on November 12, 1941 (ex. "D" to complaint), superseding both earlier agreements. In the November agreement it was provided that Behrens had a 10 percent participation in the "acquisition of Liggett" concluded by Feuerring and Schwabacher under the aforementioned agreements of October 3 and 30, 1941, for which Behrens was to pay Feuerring and Schwabacher $8,066.34 prior to April 1, 1942. It was further agreed therein that Behrens had an option to purchase an additional 10 per cent participation, prior to April 1, 1942, on the same terms, or after that time, but before November 1, 1942, on terms to be fixed by the parties. Feuerring and Schwabacher, in addition, agreed to offer their "participation in Liggett" to Behrens if they should desire to sell, the offer to be held open for thirty days.

(e) On or about January 14, 1943, without having offered them to Behrens, Feuerring and Schwabacher sold and assigned the said shares of stock and other property to one David Kennedy, a straw man for some or all of the defendants and others, who, since that date, have asserted title to the said shares of stock and other property.

(f) Prior to the said sale to Kennedy, all of the defendants were given notice of certain rights claimed by Behrens, the

notice having been given by copies of a letter addressed to City Bank by William J. Block, Esquire, dated June 15, 1942 (ex. "G" to complaint). In such notice, Behrens claimed to be the equitable owner of up to one-third of the said shares of stock and other property and claimed the right of first refusal in the event of the sale of any of said shares of stock and other property by Feuerring and Schwabacher.

(g) Relying upon such notice and upon other matters alleged in the complaint charging the defendants or some of them, with knowledge or notice of his alleged rights, the plaintiff, Behrens, brings this action demanding the judgment hereinbefore mentioned.

(h) The defense of res judicata is based upon the record of the Supreme Court of New York and the Court of Appeals. Exhibits Nos. 3 to 10 inclusive of the answer, are admitted in the reply.

(i) The contract between Henry Behrens and Gertrud Feuerring and Alfred Schwabacher, dated November 12, 1941, Exhibit "D" of the complaint being a copy thereof, superseded the prior agreements by the parties and it provided that all disputes which may arise between the two parties regarding the application or interpretation of this agreement and of the legal relations connected therewith, which shall not be settled by way of amicable agreement, shall, to the exclusion of any court of law, be arbitrated with final effect by a board of arbitration consisting of three persons.

(j) On December 10, 1942, Behrens gave notice to Feuerring and Schwabacher of a motion to be filed in the Supreme Court of New York, New York County, for an order directing that Feuerring and Schwabacher submit the differences arising between them and Behrens under the aforementioned agreement of November 12, 1941 (ex. "D" to complaint), to arbitration, as provided in said agreement. That motion was granted on March 1, 1943. It was ordered that Behrens, as petitioner, and Feuerring and Schwabacher, as respondents "proceed to arbitration in accordance with the terms of the aforesaid contract entered into among them dated the 12th

day of November, 1941, and that the arbitrators and the umpire determine any and all controversies, disputes, and matters of difference which might have arisen among the parties under the said contract."

(k) A letter from Behrens then attorney, William J. Block, Esquire, to the American Arbitration Association, set forth his complaint that he demanded damages for the breach of the contract aforesaid dated November 12, 1941, and as reasons therefore, set forth the following:

"I. their refusal to admit him to the initial ten (10%) per cent participation in the purchase referred to therein;

"II. their refusal to convey to him the additional ten (10%) per cent participation therein as to which he enjoyed an option under paragraph 3 of the said contract;

"III. their refusal to permit him to purchase their eighty (80%) per cent participation therein upon the terms of their sale thereof to a third party.

"IV. the increased taxation resulting from being compelled to resort to recovery of damages for breach of the aforesaid contract instead of being permitted to enjoy the fruits of performance thereof;

"V. their refusal to permit him to be elected a director of Liggett Spring & Axle Company and thus to become entitled to the rights, powers and emoluments of that office;

"VI. their breach of miscellaneous provisions of the aforesaid contract, including those requiring his consent to various acts and decisions to be done and taken in connection with the running of the business of Liggett Spring & Axle Company;

"VII. their mismanagement of the joint adventure and their having allowed the Liggett Spring & Axle Company and Axleton Water Company to be mismanaged by its directors, officers and employees;

"VIII. their refusal to reimburse him for expenses incurred by him and chargeable to the joint adventure and/or the Liggett Spring & Axle Company;

"IX. their having compelled him to incur legal and other expenses to compel performance of the aforesaid contract and obtain his rights thereunder;

"X. together with appropriate interest and the costs and disbursements of this proceeding. The complaining party is unable from the information now available to him to estimate his damages. Therefore he prays that the Arbitrators award him an amount to be determined by them, but not less than one hundred thousand ($100,-000.) dollars; and he reserves the right when the necessary date and information will become available to state and claim damages to the full extent justified thereby."

(*l*) In the letter or reply of Feuerring and Schwabacher to the American Arbitration Association November 8, 1943, they deny:

" * * * that there is anything owing to him from them, and that he has any right, cause of action or claim against them, and they further deny that there is any relationship existing between them and the complaining party and that they have been guilty of any breach of any alleged contract to which they were parties, and contend that there is no right on the part of Mr. Behrens to any damages, and that he has been guilty of misrepresentation, and that if a contract ever in fact legally existed among the parties, which they deny, that he breached it by his misrepresentation, that he failed to live up to its terms and provisions and that it no longer exists.

"As to the amount of the claim, our clients take the position that it is just fictional and that the claim is but an attempt to obtain money from them which is not owing and that it has no basis or merit whatsoever in law or in fact."

(m) The following award was made by the arbitrators:

"We, (I), the undersigned, a majority of the Arbitrator(s), having been designated in accordance with the Arbitration Agreement entered into by the above named parties, and dated November 12, 1941, and Court Order dated March 1, 1943, and having been duly sworn according to law, and having duly heard the proofs and allegations of the parties, award(s), as follows:

"The claim of Henry Behrens against Gertrud Feuerring and Alfred Schwabacher for damages for breach of contract is not sustained, and is disallowed.

"George E. Roosevelt
"Max N. Natanson

"Dated: New York, N. Y., April 26, 1944."

(n) The Supreme Court of New York, New York County, June 27, 1944, ordered that the respondents, Feuerring and Schwabacher, have judgment on said award against Behrens, the petitioner, disallowing his claim against them and that said judgment be entered as a judgment of the Supreme Court of the State of New York, County of New York. Judgment was so entered June 30, 1944.

(o) The said judgment was unanimously affirmed on or about October 25, 1945, by a judgment of the Appellate Division of the Supreme Court of New York First Judicial Department (reply, par. 2) without opinion, 269 App.Div. 930, 58 N.Y.S.2d 216. On January 17, 1947, the said judgment was affirmed by the New York Court of Appeals (ex. 9 to answer) in an opinion by Chief Judge Loughran reported in 296 N.Y. 172, 71 N.E.2d 454 (ex. "A" to reply), and on February 4, 1947, upon the filing of the remittitur from the Court of Appeals, judgment was entered in the Supreme Court of New York, New York County, affirming the judgment and order appealed from (ex. 10 to answer). On May 22, 1947, Behrens' motion for a reargument was denied (ex. "B" to reply) in a per curiam opinion, 297 N.Y. 472, 74 N.E.2d 180.

(p) In the opinion of Chief Judge Loughran of the Court of Appeals [296 N.Y. 172, 71 N.E.2d 456], he states, inter alia:

"[In fact the measure] of the powers of the arbitrators was fixed by the command of the court which called upon them to resolve 'any and all controversies, disputes and matters of difference which may have arisen among the parties under the said contract'. * * *

"In that state of the record there is no warrant for an inference of usurpation of power by them or other abuse of their

office. Cf. Fudickar v. Guardian Mutual Life Ins. Co., 62 N.Y. 392, 403, 404; Matter of Bolton, 295 N.Y. 734, 65 N.E.2d 563."

In the determination of the motion for judgment on the pleadings, it is essential to determine whether the subject matter of the present action is the same as the subject matter in the New York action.

■ In Angel v. Bullington, 330 U.S. 183, 186, 187, 67 S.Ct. 657, 659, the Supreme Court in an opinion by Justice Frankfurter, stated:

"We start with the fact that the prevailing rule as to res judicata is settled law in North Carolina. An adjudication bars future litigation between the same parties not only as to all issues actually raised and decided but also as to those which could have been raised. * * *

"For the purposes of res judicata, the significance of what a court says it decides is controlled by the issues that were open for decision."

In American Water Works and Electric Co. v. Allegheny Trust Co., D.C. 43 F. Supp. 99, 103, this Court, in its opinion stated that:

"Res judicata includes not only defenses made but defenses which might have been made. In Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 478, 50 S.Ct. 374, 378, 74 L.Ed. 972, it is stated:

" 'The thing presented for adjudication in the case in the state court was the validity of the order, and it was incumbent on the appellant to present in support of his asserted right of attack every available ground of which he had knowledge. He was not at liberty to prosecute that right by piecemeal, as by presenting a part only of the available grounds and reserving others for another suit, if failing in that. Werlein v. New Orleans, 177 U.S. 390, 398, et seq., 20 S.Ct. 682, 44 L.Ed. 817, [820]; United States v. California & Oregon Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476, [478].

" 'As the ground just described was available but not put forward the appellant must abide (by) the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end.' "

The judgment of this Court was affirmed upon its opinion by the Third Circuit Court of Appeals, 125 F.2d 551.

In Treinies v. Sunshine Mining Co. et al., 308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L. Ed. 85, the Supreme Court, in an opinion by Justice Reed, stated:

"One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties."

See Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265.

The New York Civil Practice Act provides, § 1466, that a judgment entered in conformity with an order confirming an award " * * * has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action; * * *."

■ It is immaterial whether the first action was at law and the second action in equity. Bisson v. Todd, Sup., New York County, 1918, 103 Misc. 99, 170 N.Y.S. 652 (opinion by Philbin, J.,), affirmed, App. Div. 1st Dept. 1918, 186 App.Div. 940, 172 N.Y.S. 920 (no opinion); State Hospital for Criminal Insane v. Consolidated Water Supply Co., 1920, 267 Pa. 29, 37, 110 A. 281 (opinion by Mr. Justice Moschzisker).

This action and the New York action are based on a violation of the contract between Behrens, plaintiff and Feuerring and Schwabacher, dated November 12, 1941 (Exhibit "D"). This contract provides:

"All disputes which may arise between the two parties regarding the application or interpretation of this agreement and of the legal relations connected therewith, which shall not be settled by way of amicable agreement, shall, to the exclusion

of any court of law, be arbitrated with final effect by a board of arbitration consisting of three persons."

The submission to arbitration was based on the aforesaid contract. The award states that "having duly heard the proofs and allegations of the parties, award(s) as follows:

"The claim of Henry Behrens against Gertrude Feuerring and Alfred Schwabacher for damages for breach of contract is not sustained, and is disallowed."

The award and the judgment are as broad as the submission which is as broad as the terms of the contract relating to submission to arbitration.

The subject matter of the present action is the same as the New York action.

Can the defendants in the present action who were not parties in the New York action, invoke the rule of res judicata against the plaintiff? The proceedings in arbitration were begun December 10, 1942. Defendants acquired their interest January 14, 1943.

The rule of the Restatement is that a successor in interest must have become such after the institution of the prior action: A.L.I. Restatement of the Law, Judgments, § 89. This appears to be the view taken in Pennsylvania: Guzzi v. Delaware & Hudson Co., 61 Pa.Super. 48. The rule may be different in New York. See Masten v. Olcott, 1886, 101 N.Y. 152, 4 N.E. 274 (opinion by Judge Andrews); Kahn v. Richard L. Walsh Co., App.Term, 1911, 72 Misc. 20, 129 N.Y.S. 137 (opinion by Gerard, J.).

The rule of privity is subject to exceptions which are recognized in New York. Liberty Mut. Ins. Co. v. Colon & Co., Inc., 1932, 260 N.Y. 305, 310, 183 N.E. 506 (opinion by Judge Lehman); Good Health Dairy Products Corporation v. Emery, 1937, 275 N.Y. 14, 17, 9 N.E.2d 758, 759, 112 A.L.R. 401 (opinion by Judge Finch); Portland Gold Mining Co. v. Stratton's Independence, Ltd., 8 Cir., 1907, 158 F. 63, 16 L.R.A.,N.S., 677 (opinion by Judge

Van Devanter). An exception to the rule of privity, exists when judgment on the merits against the plaintiff in an action against a person charged with a breach of contract bars a subsequent action by that plaintiff against another person in an action based upon the existence of that breach of contract.

In A.L.I. Restatement of the law, Judgments, Sec. 99, it is stated:

"Where Liability Of A Person Is Based Solely Upon The Act Of Another.

"A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity."

See the following cases: Portland Gold Mining Co. v. Stratton's Independence, Ltd., 1907, 8 Cir., 158 F. 63, 16 L.R.A.,N.S., 677 (opinion by Judge Van Devanter); Liberty Mut. Ins. Co. v. Colon & Co., 260 N.Y. 305, 183 N.E. 506; Good Health Dairy Products Corporation v. Emery, supra, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401; Marsh v. Pier, 1833, 4 Rawle 273, 26 Am.Dec. 131. (opinion by Mr. Justice Kennedy); Eissing Chemical Co. v. People's Nat. Bank of Brooklyn, App.Div.2d Dept., 1923, 205 App.Div. 89, 199 N.Y.S. 342 (Jaycox, J.,); American Button Co. v. Warsaw Button Co., sup., Monroe County, 1941, 31 N.Y.S.2d 395 (Wheeler, J.).

I am of the opinion, under the facts of this case and the law applicable thereto, the defendants have the right to invoke the rule of res judicata.

All other reasons argued by plaintiff's attorneys against the application of the rule res judicata have been considered and are found to be without merit.

Let an order for judgment in favor of the defendants be prepared and submitted.