RIORDAN v. FERGUSON (Inter-County Title Guaranty & Mortgage Co., third-party defendant).

Civ. 15–30.

United States District Court
S. D. New York.

Oct. 15, 1948.

---

[2] File is sent to Oklahoma City because the Clerk's Office is not maintained at Enid when Court is not in session.

Herbert Noble, of New York City (Myron Butler, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., and Edmond McCarthy, Asst. U. S. Atty., both of New York City, for defendant and third-party plaintiff.

Morris Permut, of New York City, for third-party defendant.

RIFKIND, District Judge.

The defendant and the third party defendant move for summary judgment dismissing the complaint. With the consent of plaintiff, I shall treat the motion for summary judgment as if the defense of res judicata had been formally pleaded, without considering whether in fact the answer adequately sets forth such a defense.

The action is for the foreclosure of a mortgage. The defense asserted is that in another action, in the New York Supreme Court, Foss v. Riordan, 84 N.Y.S. 2d 224, in which this plaintiff was a counter-claimant, it was adjudicated that the debt secured by the mortgage of which foreclosure is sought in this action, had been fully paid. The successful litigant in the New York action was one Foss, owner of one of many parcels of real estate carved out of the tract originally subjected to the lien of the mortgage. The defendant herein is the owner of another such parcel. Both derive title, through mesne conveyances, from the original mortgagor. The third party defendant is the insurer of defendant's title.

The judgment of the New York Supreme Court has been affirmed by the Appellate Division, 273 App.Div. 982, 79 N.Y.S.2d 515, and leave to appeal has been denied by the Court of Appeals. 298 N.Y. 509, 80 N.E. 2d 658. It provides, in part, as follows:

"2. That the counterclaim of the defendant be and the same hereby is dismissed. * * *

"4. That the alleged mortgage executed by Merchants and Manufacturers Exchange of New York, under date of June 30, 1924 to John J. Riordan, Jr. in the sum of $215,000. be and the same hereby is satisfied and fully paid and of no effect, and the Clerk of the County of Westchester is directed to make upon the record of such mortgage an appropriate reference to this judgment and to the date of entry thereof."

It is not disputed that the mortgage so adjudicated as satisfied in the Foss action is the same mortgage which is the subject matter of the foreclosure suit pending herein.

I have found no case precisely in point but I am persuaded that the defense of res judicata is good. Such a result is the logical product of the reasoning of such cases as. Good Health Dairy Products Corp. v. Emery, 1937, 275 N.Y. 14, 9 N.E. 2d 758, 112 A.L.R. 401; King v. Stuart Motor Co., D.C.N.D.Ga.1943, 52 F.Supp. 727; Portland Gold Mining Co. v. Strat-

ton's Independence, Ltd., 8 Cir., 1907, 158 F. 63; and Bernhard v. Bank of America, 1942, 19 Cal.2d 807, 122 P.2d 892 which collates many of the pertinent authorities. See, Bigelow v. Old Dominion Copper Co. 1912, 225 U.S. 111, 127, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E 875.

■ In reaching this result an obstacle needs to be surmounted which is embedded in the very case relied on as res judicata. In the opinion accompanying the judgment in the Foss case former Judge Close, sitting as Referee, rejected a similar defense of res judicata on two grounds: one, that the judgment relied on was rendered ineffective by a stipulation of settlement and discontinuance of the action and, two, lack of privity. Since the first ground is sufficient to support the ruling, the second may be treated as dictum. Even dictum, however, by an experienced New York judge, is entitled to consideration by a federal judge in determining New York law. I believe, however, the evidence is persuasive that the New York Court of Appeals no longer occupies the ground suggested in the dictum. In Liberty Mutual Ins. Co. v. George Colon & Co., 1932, 260 N.Y. 305, 183 N.E. 506, the facts did not present an instance of privity as conventionally understood. Indeed, the minority opinion underscores the absence. Nevertheless, the majority, in holding that the doctrine of res judicata was applicable, said, 260· N.Y. at page 310, 183 N.E. at page 507: "Here the only possible ground for holding that the judgment in the negligence action is not binding upon the defendant is that the plaintiff was not a party to that action."

The court rejected that ground. "The defendant has had full opportunity to litigate the issue of its responsibility for the death of the workman in the action brought by the representatives of the deceased." 260 N.Y. at page 312, 183 N.E. at page 508.

In the case at bar the plaintiff has likewise had full opportunity to litigate the issue of the payment of the debt secured by its mortgage. That issue went against it on the merits. The only ground asserted for holding that the judgment in the Foss action is not binding on the plaintiff is that the defendants were not parties thereto.

■ The Referee's dictum is deficient in that it fails to note that "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted;"

Bernhard v. Bank of America, supra, 122 P.2d at page 894. Liberty Mutual Ins. Co. v. George ·Colon & Co. indicates that New York's highest court is now among those which make that important distinction; 35 Yale L.J. 607.

It is worthy of note that in Riordan v. Ferguson, 2 Cir., 1945, 147 F.2d 983, 987, the court, in approving the trial court's rejection of the defense of res· judicata founded upon the same judgment similarly rejected in the Foss case, preferred to rest its concurrence on the stipulation of discontinuance rather than on the lack of privity. The latter it found unnecessary to consider.

■ Plaintiff suggests that the decision of the Circuit Court of Appeals, 147 F.2d 983, precludes summary judgment. I see no merit in that contention. After remand the case is within the district court's jurisdiction. Nothing in the disposition of the appeal, as I read the opinion of that court, precludes the district court from giving consideration to a defense which has since become available.

Motion granted.