## (October 28, 1965)

■ B. R. DE WITT, INC., Respondent, v. ALBERT HALL, Appellant.

APPEAL from an order of the Supreme Court at Special Term entered January 18, 1965, in Monroe County which granted a motion by plaintiff for summary judgment.

MEMORANDUM BY THE COURT: In view of the holding in *Elder* v. *New York & Penn. Motor Express* (284 N. Y. 350) plaintiff may not invoke the doctrines

of *res judicata* or collateral estoppel to assert a prior judgment, obtained by its driver against this defendant in an action arising out of the same accident, as conclusive proof of defendant's liability in the present litigation. (See, also, *Quatroche* v. *Consolidated Edison Co. of N. Y.*, 11 A D 2d 665; *Friedman* v. *Salvati*, 11 A D 2d 104.) The dissent herein is predicated upon the supposition that identity of issues has become the primary consideration in the application of these doctrines. It is not however the sole consideration (*Minkoff* v. *Brenner*, 10 N Y 2d 1030) and we do not regard the decision in *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116) as authority for the offensive use of a prior judgment in the circumstances here presented. In the words of the Court of Appeals, that case (p. 120) was merely an announcement that "in determining the applicability of the doctrine of *res judicata* as a *defense*, the test to be applied is that of 'identity of issues'." (Emphasis supplied.) Lastly, the views expressed in the dissenting opinion to a large extent are those set forth in the concurring opinion of this court in *Ordway* v. *White* (14 A D 2d 498). That case was decided in June, 1961 and six months later our highest court decided *Minkoff* v. *Brenner* (*supra*). A reference to the briefs submitted to that court discloses that appellant relied heavily upon the concurring opinion in the *Ordway* case and contended, as does the dissenting opinion herein, that the true test is identity of issues and not the posture of the parties. The Court of Appeals by its affirmance of the order in *Minkoff* inferentially rejected those contentions. We conclude that we are bound thereby.

GOLDMAN, J. (dissenting). This appeal presents in clear focus the question of the applicability of the doctrine of *res judicata*, or more particularly, whether the principle of collateral estoppel can be asserted as a bar to the trial of the issues of negligence and contributory negligence in an action by an absentee owner against defendant held liable in the prior action. A reading of the cases and the multitude of articles relating to this question underlines the difficulties which confront any judicial determination in this area.

In examining the diffused mosaic which runs through the various decisions, one reaches the conclusion that the applicability of the doctrine of collateral estoppel turns largely on the particular fact situation. The present action is the aftermath of an accident in which one Farnum was the driver of a truck owned by the plaintiff-respondent which collided with an automobile owned and driven by defendant-appellant Hall. Prior to commencement of this action, Farnum had brought suit against Hall for personal injuries sustained in the accident and recovered a substantial jury verdict. Plaintiff absentee owner of the truck has now sued the owner and driver Hall for the property damage to the truck. In this appeal plaintiff asserts that the issue of negligence and contributory negligence having been fully tried in the earlier action between the two drivers, the defendant is estopped from litigating the issue of liability by reason of the jury's verdict in the action of the plaintiff's driver. Defendant-appellant seeks a reversal of Special Term's order granting plaintiff's motion for summary judgment and directing an assessment of plaintiff's property damages.

Collateral estoppel has evolved as a principle of law which estops one from asserting or denying issues of fact and law because these issues have been previously determined in an action in which the party or someone in privity with him has participated. In my view, no clearer set of facts can be presented for an application of the principle than the one with which we are concerned. This rule of law was succinctly stated in *Good Health Dairy Prods. Corp.* v. *Emery* (275 N. Y. 14, 18): "One who has had his day in court should not be permitted to litigate the question anew." (See, also, *Hinchey* v. *Sellers*, 7 N Y 2d 287, 294, 296; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par.

5011.23.) While one must not be unmindful of the *caveat* expressed by the same court in *Commissioners of State Ins. Fund* v. *Low* (3 N Y 2d 590, 595) in its statement of the second rule of public policy that the doctrine should not be used if its applicability deprives a party of his day in court, the case at bar presents a classic example of the fullest day in court that this defendant could possibly have had in the first action brought against him by the operator of plaintiff's truck. The defendant was in every sense of the word a direct and absolute adversary in the action brought by the plaintiff's driver for his personal injuries. Even if *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) were still considered controlling, which I think it is not, the theory of that decision was that the parties, who were codefendants in a passenger action, were not adversaries as to one another but only as to the plaintiff. This, of course, is not true in the instant case. Furthermore, since that decision in 1931, the subsequent amendments to sections 211-a and 212 of the Civil Practice Act and CPLR 1401 and 1402 would make the codefendants in *Glaser* true adversaries.

The majority bottoms its determination upon the authority of *Minkoff* v. *Brenner* (10 N Y 2d 1030). At the outset I prefaced this opinion by emphasizing the important part which the particular facts play in the application of the defense of *res judicata* or the use of the principle of collateral estoppel. The distinction in the *Minkoff* case is that the judgment in the prior action was one in which a third party sued to recover his property damage from both parties to the subsequent lawsuit. In that case plaintiff Minkoff and defendant Brenner collided with each other and the Minkoff car then continued on and struck the unoccupied automobile of one Biernoff, the plaintiff in the first suit. Biernoff sued both Minkoff and Brenner as codefendants and secured judgment against them. It may require a sense of prophecy to state that one day, when the principle with which we are involved is more fully developed, even such a case as *Minkoff* will hold that the defense of collateral estoppel is a valid one. Until that day the *Minkoff* case is distinguishable in that the plaintiff and defendant were codefendants in the action brought by a third party and were not in head-to-head conflict, such as were the defendant and plaintiff's driver in the first suit. (Cf. *Friedman* v. *Park Lane Motors,* 18 A D 2d 262.)

What new or different single fact as to the question of liability can be presented by the defendant-appellant Hall in the absentee owner's property damage action which was not fully and completely explored and presented for determination in the prior action? Is there not absolute identity of issues? "Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues." (*Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116, 119; see, also, *United Mut. Fire Ins. Co.* v. *Saeli,* 297 N. Y. 611.) Defendant Hall had full opportunity to litigate the issue of his responsibility for the accident in the personal injury action and the "rule of reason and practical necessity" (*Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14, 18, *supra*) dictates that he "cannot maintain that a judgment against [him] in that action is not in accordance with due process of law merely because it results in the imposition of * * * [additional] damages" which flow directly from the adjudication that he was solely responsible for the accident (*Liberty Mut. Ins. Co.* v. *Colon & Co.,* 260 N. Y. 305, 312).

In my judgment no persuasive reason can be advanced for denying plaintiff the relief granted him in Special Term's order. The application of the principle there asserted surely "serves the public interest in a variety of ways [which]

\* \* \* [are] all in the interest of the sound administration of justice." (*Ordway* v. *White,* 14 A D 2d 498, 501) and, therefore, the order should be affirmed.

Williams, P. J., Bastow and Del Vecchio, JJ., concur in Memorandum; Goldman, J., dissents in opinion in which Henry, J., concurs.

Order reversed, without costs of this appeal to either party, and motion denied, without costs.