JUAN RIVERA BARRETO, Plaintiff and Appellant, v. ELBA A. OTERO JOVÉ, Defendant and Appellee.

No. R-69-268.     Decided June 22, 1970.

186

*Pedro Pérez Rodríguez* for appellant. *Emeterio Maldonado Guzmán* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Juan Rivera Barreto filed a petition for a writ of mandamus against the Mayoress of Arecibo, Elba A. Otero Jové, before the Superior Court, Arecibo Part. The complaint contains the following allegations and prayer:

"FIRST: Petitioner is of age, resident of Arecibo, and permanent employee of the Municipality of Arecibo.

"SECOND: Petitioner has diligently and honestly worked with said Municipality during twenty-eight years, receiving a salary of $244 a month.

"THIRD: That on April 9, 1969, Elba A. Otero Jové, Mayoress of Arecibo, removed petitioner from his position for alleged charges, without having just cause for said discharge and without holding an administrative hearing.

"FOURTH: That the action of Elba A. Otero Jové, Mayoress of Arecibo, impairs and violates petitioner's right to remain in his position while he is not removed for a just cause. Said right is set forth in Act No. 142 of 1960, known as the 'Municipal Law.'

"FIFTH: That Elba A. Otero Jové, Mayoress of Arecibo, has the obligation and duty of replacing petitioner in the position he held until April 9, 1969, in the Municipality of Arecibo, as Sanitation Supervisor of the Department of Sanitation, Equipment and Transportation.

"SIXTH: That petitioner does not have any other means, adequate and operative at law, to obtain the requested remedy.

"THEREFORE, petitioner prays this Honorable Court to issue a writ of mandamus, directed to Elba A. Otero Jové, Mayoress of Arecibo, ordering her to replace petitioner in his position and to pay him the wages he did not receive as a consequence of said discharge, or otherwise, to appear before this Court on the day and place fixed to state the reason why she has not complied with the orders set forth in the writ." (Original record, pp. 1, 2.)

Defendant answered, accepting the facts alleged in the paragraphs marked first and second of the complaint. From the third paragraph she accepted that "she removed plaintiff from his position on April 9, 1969, through preferment of charges," but denied that said "discharge was without just cause." She also denied the averments set forth in the fourth, fifth, and sixth paragraphs.

As special defenses, defendant alleged the following:

"*First*:—That the Mayoress of Arecibo, Elba A. Otero Jové, removed Juan Rivera Bàrreto, plaintiff in this case, from his position as Sanitation Supervisor of the Department of Sanita-

tion, Equipment and Transportation of the Municipality of Arecibo, after preferment of charges which were notified to plaintiff in a letter on April 9, 1969; that plaintiff was formally notified that a hearing was going to be held before the Grievance Committee, on May 14, 1969, for the purpose of hearing the case of his discharge and offer him the opportunity to defend himself from the charges preferred against him, but that plaintiff did not appear at said hearing; that a new hearing before the Grievance Committee has been set for May 26, 1969 and that plaintiff has been notified, warning him that if he fails to appear, alone or accompanied by counsel, the Municipal Grievance Committee would hear the case of removal without summoning or hearing him.

"*Second*:—That this court lacks jurisdiction to take cognizance of this petition for mandamus, since petitioner has not exhausted all the other adequate and operative remedies at law to obtain the requested remedy, more so when the action of the Mayoress, Elba A. Otero Jové, has strictly followed the procedure for suspension or removal of municipal employees established in the Municipal Ordinance No. 46, series 1966 of the Municipality of Arecibo, ordinance which in its § 18 reads as follows:

'The hearings concerning the removal of municipal employees are to be held before a Committee of three persons, as provided by the Municipal Law. In said hearing the employee may defend himself from the charges preferred by the Mayor and he may be represented by counsel. THE MAYOR MAY SUSPEND FROM OFFICE AND STOP THE SALARY OF ANY MUNICIPAL EMPLOYEE WHEN PREFERRING CHARGES AGAINST HIM. From the decision of the Committee removing him, an employee may, within fifteen (15) days following the service of notice, appeal to the Superior Court for a *judicial review* of his removal, as provided by the Municipal Law.'

"That this petition for mandamus does not lie, since the above-outlined remedy at law has not been exhausted. (32 L.P.R.A. § 3423.)

"*Third*:—That the Mayoress, Elba A. Otero Jové, had just cause and sufficient evidence to prefer the charges of 'Carelessness and negligence in the performance of his duties' and 'Insubordination,' which shall be duly weighed by the Municipal

Grievance Committee in its hearing of May 26 of the current year." (Original record, pp. 7, 8.)

A hearing was held where, as we may infer from notes entered in the original record, the jurisdictional question raised by defendant in her answer was discussed.

The trial court, relying exclusively on the allegations of the parties, that is, in the complaint and in the answer, issued an order declaring itself without jurisdiction. Plaintiff requested the reconsideration and on September 15, 1969, the court issued an order denying the reconsideration, setting forth as grounds therefor· that from "the allegations it can be clearly seen that plaintiff was *suspended* from employment and pay upon preferment of charges" and that he was notified of a hearing before the Grievance Committee, that he did not appear at said hearing and that a new hearing has been set; the trial court stated: "We are convinced that we are not dealing in this case with a 'removal,' but it is rather a *suspension* with disposition or awaiting the continuation of the proceedings according to the above-mentioned provision of the 'Municipal Law.' "; and because it was untimely the remedy would be dismissed.

█ Appellee complains that appellant sent to this Court a letter she sent to appellant, without it having been presented as evidence in the trial court, wherein after notifying him of the preferment of charges for (1) carelessness and negligence in the performance of his duties, and (2) insubordination, it ends thus "Therefore, on the basis of the foregoing, I remove you, Juan Rivera Barreto, from the position of Sanitation Supervisor, which you held in the Department of Sanitation, Transportation, and Equipment of this Municipality, this removal to become effective on the date of the present notice." Appellee also maintains that there are other· letters which "belie many of the things alleged· by appellant." In her brief appellee also refers to some subsequent proceed-

ings held before the Committee to Hear Charges Against Municipal Officers and Employees.

We agreed that we shall decide this case on the basis of the entries in the original record and considering the arguments set forth by the parties.

Said entries show that the order issued by the Superior Court in this case is a judgment on the pleadings. See Rule 10.3 of the Rules of Civil Procedure.

The court a quo decided that appellant was suspended and not removed from his position, as it was alleged. It had no evidence to support its decision. It limited itself to construe the allegations and relying on them it decided the crucial issue as to the availability of the petition for mandamus. It erred.

In the third paragraph of the complaint it was alleged that appellee *"removed* petitioner *from his position* for alleged charges, without having just cause for *said discharge* and without holding an administrative hearing." In the fourth paragraph it was alleged that the action of the Mayoress impairs the right of petitioner to remain in his position while he is not removed for a just cause.

In the prayer of the complaint it is requested that a writ of mandamus be issued against appellee, ordering her to replace petitioner in his position and to pay him the wages he did not receive "as a consequence of said discharge. . . ."

Although the prayer of the complaint does not form part thereof, it may be used in aid of its construction.[1] Considering the allegations of the complaint which we have set forth together with its prayer, we must conclude that plaintiff has alleged that he was removed from his position by defendant without holding an administrative hearing, as provided by law.[2] Considering these facts as true, it was proper to consider the mandamus on its merits.

---

[1] *Sánchez* v. *De Choudens,* 76 P.R.R. 1 (1954).

[2] *Bezares* v. *González, Mayor,* 84 P.R.R. 450 (1962).

■ Now then, defendant alleged in her answer that she had not removed plaintiff, but that she had only suspended him from his employment and pay by preferment of charges. These averments do not require a responsive pleading and, therefore, shall be considered denied. Rule 6.4 of the Rules of Civil Procedure.[3] The allegations of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint.[4]

■ Under the allegations of both parties, a controversy of fact was raised as to whether plaintiff had been removed or if he had been only suspended from his employment and pay. Upon declaring itself without jurisdiction, the trial court settled said controversy without any evidence whatsoever to support its conclusion.

■■ Under Rule 10.3 of the Rules of Civil Procedure, applicable to petitions for mandamus, a judgment on the pleadings does not lie when, as in the case at bar, a substantial controversy of facts arises therefrom. All the facts properly pleaded in the complaint and the inferences which may be made from the same are considered as admitted by defendant when the latter requests the judgment on the pleadings. *Geist* v. *Prudential Ins. Co. of America*, 35 F.Supp. 790; *Link* v. *Wabash Railroad Company*, 237 F.2d 1; *Friedman* v. *Washburn Co.*, 145 F.2d 715; *Kadylak* v. *O'Brien*, 32 F.Supp. 281; *Brenich, supra; United States* v. *Hole*, 38 F.Supp. 600; *Behrens* v. *Skelly*, 76 F.Supp. 75; 2A Moore's Federal Practice 2342.

In view of the foregoing, we conclude that a judgment on the pleadings did not lie in this case.

The order object of this review will be reversed and the case remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein.

---

[3] *Brenich* v. *Reading Co.*, 9 F.R.D. 420.

[4] *Stanton* v. *Larsh*, 239 F.2d 104.