## AUTOMATIC RADIO MFG. CO., Inc., v. NATIONAL CARBON CO., Inc.

### No. 638.

District Court, D. Massachusetts.

Sept. 13, 1940.

Max Marks and Austin M. Pinkham, both of Boston, Mass., for plaintiff.

John J. Burns, John F. Rich and Gerald May, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant's consolidated motion was heard this morning. The motion seeks a dismissal of the action upon the sole ground that none of the three counts of the complaint (declaration) contains a sufficient allegation of special damages. While I think it very doubtful whether the complaint contains an allegation of special damages sufficient to warrant a denial of the motion to dismiss, I am not prepared to say that the plaintiff's damages are alleged so deficiently as to require a dismissal of the action. The case seems to me one where the ordering of a bill of particulars, which will become a part of the pleadings, is all that justice requires, a matter to which I shall refer later. The action which I am about to take is not intended as involving any intimation that had the motion to dismiss not been restricted to the single question of the special damages alleged, I would not have felt it my duty to sustain it. The defendant's motion to dismiss the action, which as heretofore stated is based upon the sole ground that the complaint contains no sufficient allegation of special damages, is denied.

■ In its consolidated motion, the defendant also asks the Court to order the plaintiff to number the separate paragraphs of its complaint. While the Federal Rules of Civil Procedure, rule 10(b), 28 U.S.C.A. following section 723c, provide for the numbering of separate paragraphs of a complaint filed here, there is no such requirement so far as I know, under the State practice. The action having been brought in the State court and removed here by the defendant, the Court, in the exercise of its discretion, denies that portion of the defendant's motion asking that the plaintiff be ordered to number the separate paragraphs of its complaint.

■ In its motion, the defendant next asks for a striking from the complaint as redundant and immaterial, the following allegations:

A. The allegations in the first paragraph of counts 1, 2, and 3, respectively, thereof, "that because of the quality and type of the goods it (plaintiff) manufactures, it (plaintiff) has achieved and bears a wide and favorable reputation".

B. The allegations in the last paragraph of counts 1, 2, and 3, respectively, thereof, that "it (plaintiff) was and has been greatly injured in its (plaintiff's) reputation".

I do not regard this, and so far as I understand, the parties do not contend that this is an action for libel, but regard it as an action for disparagement of goods. Inasmuch as I think that such is the nature of the action, I do not think that the plaintiff is entitled to recover for loss of reputation, and the motion to strike from the complaint these allegations is granted.

The next thing which the defendant asks is that the plaintiff be required to file a bill of particulars as to each count of the complaint (declaration) and this motion is allowed with directions to the plaintiff to file a bill of particulars in or within twenty days from this 13th day of September, setting forth the details sought in the defendant's motion or, in instances where this is impossible, to so state together with the reasons for that impossibility.

The time within which the defendant is to serve the plaintiff with a copy of its answer or such motions as the defendant may see fit to make, is enlarged to twenty days after the date on which the plaintiff serves the defendant with a copy of such bill of particulars.