In re LONG ISLAND LIGHTING CO. et al.

Docket 21641.

United States Court of Appeals
Second Circuit.

Petition filed June 5, 1952.

Decided June 24, 1952.

Harold G. Aron, Kadel, Wilson, Weisberg, Demas & Van Kirk, and Armstrong & Keith, New York City, for petitioners.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

PER CURIAM.

The petitioners sought in the alternative (a) an order setting aside the order of this court dated July 5, 1950, 2 Cir., 183 F.2d 45 which affirmed an order of the District Court, 89 F.Supp. 513, approving the amended plan of reorganization of Long Island Lighting Company,[1] (b) an order reopening this proceeding and directing that an inquiry be had into the facts and circumstances surrounding the making of said order of July 5, 1950; and (c) an order granting the petitioners leave to file a bill of review in the District Court to review its order dated February 17, 1950. The alleged ground for the relief prayed for was that each of said orders was entered "under circumstances tantamount to fraud effected and committed by said Long Island Lighting Company upon the Securities and Exchange Commission, the Court below and this Court."

Undoubtedly this court has jurisdiction to set aside its judgment if the

1. See Common Stockholders Com. v. S. E. C., 2 Cir., 183 F.2d 45, certiorari denied 340 U.S. 834, 71 S.Ct. 64, 95 L.Ed. 612.

judgment was induced by fraud upon the court practiced by a party to the litigation. But the facts alleged in the petition do not show that fraud was practiced upon the Commission, the District Court or this court. Before each of these tribunals it appeared that Long Island Lighting Company did not believe that its depreciation reserves were short $10,263,969, but that it had set aside this sum in an account entitled "Unearned Surplus—Special," "to be available for transfer to reserves for depreciation or for other charges which may be approved by appropriate regulatory authorities." [2] On September 4, 1951 the New York Public Service Commission determined that the former alleged deficiency in depreciation was excessive by $3,219,-453.31. The charge of fraud appears to be based on failure of the Company to disclose that it had employed an independent consulting engineer and commenced work to reduce the alleged deficiency in depreciation "substantially more than a year" before July 3, 1951. The petitioners argue that had this fact been disclosed this court "would undoubtedly have reversed" the district court's order approving the plan of reorganization. We do not agree. The report of the Company's consulting engineer, whatever it disclosed before July 5, 1950, was merely an expert's opinion. No one could predict what the Public Service Commission would determine until it acted. The Committee's expert, Mr. Davis, had testified that the sum reserved for depreciation was "wholly unreasonable and unrealistic," but his opinion had not convinced the S. E. C., the District Court or this court that the plan should not be approved. We see no evidence of fraud upon the court in failing to disclose that the Company had employed an expert whose opinion, assuming that he had made his report before July 5, 1950, agreed with the Committee's expert that the reserve was excessive. The Securities and Exchange Commission and both courts as well as all the interested parties were sufficiently apprised of the possibility that the New York Public Service Commission might subsequently hold the alleged depreciation deficiency excessive.

The petition for reargument complains that our order of May 21, 1952 "leaves counsel completely in the dark as to whether in the opinion of this Court, petitioners have a right to proceed by independent action under Rule 60(b) [Fed.Rules Civ. Proc. 28 U.S.C.A.] vice by bill of review abolished thereby." Our order denied the relief prayed for, alternative prayer (c) as well as prayers (a) and (b). Whether petitioners have a right to proceed by motion or independent action in the District Court without obtaining leave of this court is a matter upon which we express no opinion. See S. C. Johnson & Son v. Johnson, 2 Cir., 175 F.2d 176, 177, 184; Perlman v. 322 West 72nd Street Co., 2 Cir., 127 F.2d 716, 719.

---

2. See 183 F.2d 45, at page 50.