**NICHOLS et al.**

v.

**LONG ISLAND LIGHTING CO. et al.**

**No. 56, Docket 22723.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 15, 1953.

Decided Nov. 12, 1953.

Harold G. Aron and Armstrong & Keith, New York City, for appellants.

David K. Kadane, Mineola, N. Y. (Charles E. Elbert, Forest Hills, N. Y., and Bertram D. Moll, New York City, of counsel), for defendant-appellee.

Roger S. Foster, General Counsel, Myron S. Isaacs, Associate General Counsel, Washington, D. C. (Aaron Levy, Washington, D. C., of counsel), for Securities and Exchange Commission, intervenor-appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an action sounding in tort brought by the plaintiff Nichols as representative of a group of the old common stockholders of the defendant Long Island Lighting Company (hereinafter referred to as Long Island). The charge is one of conspiracy and fraud against the defendant which is said to have resulted in damage to the stockholders in the amount of $27,500,000.

The parties here involved have been engaged in controversy over a number of years. A brief history of Long Island and recent litigation will be helpful in understanding the case. On March 27, 1936, the Securities and Exchange Commission entered an order under Section 3(b) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79c(b), granting an exemption to Long Island from the registration provisions of that Act. In 1936 the company suspended payment of dividends on its preferred stock and in 1944 it submitted a reorganization plan to its stockholders whereby the par value and current dividend rights of its preferred stock were to have been reduced by 40%; the accrued dividend arrears of the preferred were not to be affected; and a new issue of common stock was to have been distributed approximately one-half to the holders of preferred and the balance to the common. Although the plan was approved by the stockholders and, with some modifications, by the Public Service Commission of New York, it was never put into effect. The S. E. C.'s attempt to enjoin the consummation of the plan, pending redetermination of the exemption, failed in the first instance, Securities and Exchange Commission v. Long Island Lighting Co., D.C., 59 F. Supp. 610, affirmed 2 Cir., 148 F.2d 252, and certiorari granted by the Supreme Court, 324 U.S. 837, 65 S.Ct. 869, 89 L. Ed. 1401, became moot, 325 U.S. 833, 65 S.Ct. 1085, 89 L.Ed. 1961, when the S. E. C. completed its proceedings and revoked the company's exemption from the P. U. H. C. A., in which order the company acquiesced.

In 1945 Long Island filed an application with the S. E. C. under Section 11 (e) of the P. U. H. C. A., 15 U.S.C.A. § 79k(e) for approval of a plan of consolidation of the company with the Queens Borough Gas & Electric Company, Nassau & Suffolk Lighting Company and Long Beach Gas Company.

For four years the plan was under consideration by the S. E. C. The Public Service Commission was also involved in consideration of these plans until 1948 when it was held that it had no jurisdiction with respect to the allocation of securities of public utilities companies in the State of New York which were being reorganized under Section 11(e) of the P. U. H. C. A.—the S. E. C. having exclusive jurisdiction. In re Kings County Lighting Co., D.C., 72 F. Supp. 767, affirmed sub nom. Public Service Commission of New York v. Securities and Exchange Commission, 2 Cir., 166 F.2d 784, certiorari denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763. The present plaintiffs' committee was formed in 1948 and took part in these proceedings. On November 16, 1949, the S. E. C. entered an order of consolidation and reorganization which, although giving the old common stockholders of Long Island much less than the 1944 plan, gave them five per cent of the new common stock to be issued. It is to be noted that the P. S. C. in 1947 had refused to give the old common any share in the new company to be formed. For a more detailed discussion of these administrative proceedings and the proposed plans see the opinion of Judge Kennedy in In re Long Island Lighting Co., 89 F.Supp. 513.

A petition for enforcement of the consolidated plan was granted in the district court after a finding that the plan was fair and equitable. In re Long Island Lighting Co., D.C., 89 F.Supp. 513. This order was affirmed by us, 183 F.2d 45, and certiorari was denied by the Supreme Court, Common Stockholders Committee of Long Island Lighting Co. v. Securities and Exchange Commission, 340 U.S. 834, 71 S.Ct. 64, 95 L.Ed. 612. Subsequently, the present stockholders' committee sought to set aside the order, reopen the proceeding, or grant leave to file a bill of review in the district court on the ground that the order was entered "under circumstances tantamount to fraud effected and committed by said Long Island Lighting Company upon the Securities and Exchange Commission, the Court below and this Court." We denied this motion finding that "the facts alleged in the petition do not show that fraud was practiced upon the Commission, the District Court or this court." 2 Cir., 197 F.2d 709, 710.

The same plaintiffs now attempt to escape the conclusive effect of these prior proceedings by bringing a tort action against the new company. In substance it is alleged that the defendant's predecessor conspired with certain of its preferred stockholders to defeat the rights of the plaintiffs as established under the 1944 recapitalization plan. It is said to have been accomplished (1) through requesting the S. E. C. to institute proceedings in the federal court to enjoin the enforcement of the 1944 plan; (2) by waiving its exemption under the P. U. H. C. A. when the injunction failed; (3) by presenting a plan to the S. E. C. which ignored the vested rights of the plaintiffs under the 1944 plan and that "* * * said actions * * * were taken in bad faith to continue the old management, and said order was obtained by deception, intrigue, misrepresentation and concealment before the Securities Exchange Commission and this Court." In the court below the S. E. C. moved to intervene and dismiss the action as a collateral attack on the 1950 decree enforcing the consolidation. That decree contained an injunction, pursuant to 15 U.S.C.A. § 79k(e) and § 79r(f), to the effect: "(10) Long Island Lighting Company, Queens Borough Gas & Electric Company and Nassau & Suffolk Lighting Company, and all their creditors and security holders, and all persons be, and they are hereby enjoined and restrained from doing any act or taking any action interfering with, or tending to interfere with, these proceedings * * * including the commencement or prosecution of any action, suit or proceeding, at law or in equity, or under any statute, in any court or before any executive or administrative officer, commission or tribunal, other than such proceedings before the Commission or

this Court as may be authorized by the Act or the Rules and Regulations promulgated thereunder, and such review, if any, in an appropriate Court of Appeals as may be provided by law."

The District Court granted the motion of the S. E. C. to intervene and dismiss the action on the ground that the plaintiffs' action violated the injunction order, but made the order without prejudice to the plaintiffs to undertake any further proceedings pursuant to the jurisdiction reserved by the court under the injunction order to vacate or modify said order by reason of the allegations set forth in the complaint. The defendant's motion for summary judgment on the ground of *res judicata* or for dismissal of the complaint for failure to state a claim was denied, not on the merits, but because of dismissal of the complaint on the above grounds on the motion of the S. E. C.

■ All the acts of fraud and conspiracy complained of by the plaintiffs took place before the plan of consolidation and reorganization was approved by the S. E. C. and the courts. If they were unlawful, that fact should have been established in that proceeding as there the rights of the stockholders in the new corporation were fixed. As the matter stands, the order of the S. E. C. is final and is not open to collateral attack. The plaintiffs should not be allowed to hold the new corporation liable for acts which, if true, affected only the rights of the old stockholders as determined in the reorganization proceeding. Judge Inch, in the court below, dismissed the action solely on the ground that it was a collateral attack prohibited by the injunction which was part of the equity decree enforcing the 1949 plan of consolidation. Since the relief sought by the plaintiffs here will upset the allocations made under that decree, the injunction would seem to apply. This is another ground for upholding the decision to dismiss the complaint as prohibited collateral attack. It is argued by the plaintiffs that the opinion of the First Circuit in Petition of Blatchley, 157 F.2d 894, indicates that such an attack as they seek here would be allowed. But in that case the attack was by a stockholder who was not a party to the reorganization proceedings and the remarks they rely on are at most mere dicta.

■ In addition to the foregoing, the defendant argues that the proceedings in this court in review of the consolidation plan act as a complete bar to the plaintiffs' claim here. We agree with this argument. The plaintiffs strenuously opposed the approval of the plan in those proceedings and at that time presented most of the claims made here. They have not presented us with any new claims of fraud that were not known at the time of our decision on the motion to reopen the order in 1952. 197 F.2d 709. While the claims made here may sound in tort they are really the same claims heretofore litigated and determined by us against the plaintiffs.

For the foregoing reasons we affirm the order of dismissal both because our prior decisions are *res judicata* and as such a bar to the present action, and also because a collateral attack upon a judgment already rendered is not in our opinion permissible. Furthermore we see no reason under the circumstances why the plaintiffs should be allowed to proceed further on a direct attack against the consolidation decree on the basis of the claims before us because they have been passed on before.

Affirmed.