**Ennis M. NICHOLS, individually and on behalf of other stockholders of Long Island Lighting Company, similarly situated, and as Acting Chairman and member of the Committee of the Common Stockholders Committee of Long Island Lighting Company, and Common Stockholders Committee of Long Island Lighting Company, Plaintiffs,**

**v.**

**Harry A. ALKER, Edward F. Barrett, Dougall C. Fraser, John Vannek, et al., Defendants.**

**Civ. A. No. 14890.**

United States District Court, E. D. New York.

Dec. 14, 1954.

680

Berenson & Meisels, New York City, for plaintiffs. David M. Berenson, New York City, of counsel.

David K. Kadane, New York City, for Edward F. Barrett and others, and pro se.

Percival E. Jackson, New York City, pro se.

Charles C. Lockwood, Brooklyn, N. Y., for John Vannek.

GALSTON, District Judge.

In this action the plaintiff, on behalf of himself and other stockholders of the Long Island Lighting Company similarly situated, alleges in effect that the defendants conspired for the purpose of destroying the rights of the plaintiff and other stockholders similarly situated by causing the Securities and Exchange Commission to institute proceedings in the federal courts to enjoin enforcement of a so-called 1944 Recapitalization, approved by the Public Service Commission of the State of New York; that as part of the alleged fraud, the defendants induced the Long Island Lighting Company to file a plan of reorganization with the Securities and Exchange Commission to the damage of the interest of the plaintiff and those whom he alleges he represents. The plaintiff and those similarly situated, so the plaintiff alleges, sustained damages in the amount of $50,000,000, with interest from October 24, 1950.

The filing of this complaint led to the present motions which are now before

me for decision. One is by the defendant Percival E. Jackson for an order pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A. to strike the complaint from the files of this court as sham and false, and to subject counsel for plaintiff to appropriate disciplinary action. A second motion, similar in kind, pursuant to Rules 11 and 12, is made by the defendant David K. Kadane.

It will be helpful to consider a prior litigation involving the Long Island Lighting Company. In 1944 that company promulgated a plan of corporate reorganization which was approved by its stockholders and by the New York Public Service Commission with certain modifications. Thereafter an appropriate certificate of reduction of capital stock was filed with the Secretary of State of New York, but the plan was not consummated because of injunction proceedings instituted by the Securities and Exchange Commission. See Securities and Exchange Commission v. Long Island Lighting Company, D.C., 59 F. Supp. 610, affirmed 2 Cir.; 148 F.2d 252. During the pendency of the injunction proceedings, and after public hearings, the Securities and Exchange Commission revoked the Company's exemption as a holding company under the Public Utility Holding Act of 1935, 15 U.S.C.A. § 79 et seq. Thereafter a plan of consolidation of the Company and its operating subsidiaries was approved by the Securities and Exchange Commission and by this court. See In re Long Island Lighting Company, D.C., 89 F.Supp. 513. In this proceeding Judge Kennedy, in his opinion, made a thorough review of the historic background of the corporations involved, of the administrative proceedings and of the issues involved. Judge Kennedy's decision was affirmed, Common Stockholders Committee v. Securities and Exchange Comm., 2 Cir., 183 F.2d 45, and certiorari denied, 340 U.S. 834, 71 S.Ct. 64, 95 L.Ed. 612. Motions were made before the United States Court of Appeals for this circuit on June 5, 1952 for reargument of the order affirmed by that court in 183 F.2d 45. In the per curiam opinion it was stated: .

"The alleged ground for the relief prayed for was that each of said orders was entered 'under circumstances tantamount to fraud effected and committed by said Long Island Lighting Company upon the Securities and Exchange Commission, the Court below and this Court.'" In re Long Island Lighting Co., 2 Cir., 197 F.2d 709.

These motions, therefore, were denied after a consideration of the merits.

Not satisfied with the situation as it then resulted, common stockholders, in November 1952, brought an action in this court, Nichols v. Long Island Lighting Company, Judge Inch dismissed the action, and the plaintiff appealed. See Nichols v. Long Island Lighting Co., 2 Cir., 207 F.2d 931. The Court of Appeals, with Judge Augustus Hand writing the opinion, held that the Securities and Exchange Commission's order of consolidation and reorganization was final, and that the plaintiff's action for fraud was a prohibited, collateral attack upon the decree enforcing that order. See also Nichols v. Long Island Lighting Company, 2 Cir., 211 F.2d 392, certiorari denied October 14, 1954, 348 U.S. 827, 75 S.Ct. 45, and petition for rehearing denied by the Supreme Court on November 15, 1954, 348 U.S. 884, 75 S.Ct. 123.

It is fairly clear, on the basis of documents drafted by plaintiff's attorneys in Nichols v. Long Island Lighting Company, 2 Cir., 207 F.2d 931, that the matter sought to be litigated in the present action is identical with that litigated by plaintiff in that case, and In re Long Island Lighting Company, 2 Cir., 197 F.2d 709.

The following passage, referring to the present action, appears in a petition for rehearing on a petition for a writ of certiorari to the United States Court of Appeals for the Second Circuit, filed in the former case:

"Since the denial of the petition for certiorari herein, action has be-

gun by these plaintiffs in the United States District Court for the Eastern District, through other counsel against numerous individuals and the estate of the former general counsel for the Long Island Lighting Company, who are or were directors and officers of the Long Island Lighting Company at the time of the perpetration of the fraud and conspiracy alleged *in the complaint here and re-stated and amplified in the complaint in said action.* (Italics mine.)

Regardless of what plaintiff now contends, it is clear that by his own admission the cause of action in the instant case and the former cases are identical in substance, if not in language, though now the damage asserted, instead of being $27,500,000, is alleged to be $50,000,000.

The only question left in determining whether the matter here is res judicata is that of parties. During the course of the hearing, and in the oral argument on the Jackson motion, the plaintiff conceded that the critical allegations of the complaint related to issues that were res judicata. His contention was that the doctrine of res judicata was not applicable in these circumstances because the defendants named were not the defendants in the prior litigations, and that there was no privity between the defendants in this litigation and the Long Island Lighting Company, the sole defendant in the prior litigation. The plaintiff is undoubtedly the same, and we are faced only with the problem of the defendants.

The defendants in the present action can be broken down into several groups:

(1) persons alleged to have been officers of the Long Island Lighting Company;

(2) persons alleged to have been directors;

(3) agents of the company;

(4) members of and counsel of a preferred stockholders' committee;

(5) David K. Kadane, formerly of the Securities and Exchange Commission, and now General Counsel of the Company.

All these groups and Kadane, who stands alone, are mentioned in the former complaint and affidavits. In paragraph six of the former complaint in Nichols v. Long Island Lighting Company, supra, the allegation appears that the corporation "acting through its officers, directors, attorneys and agents * * * conspired with certain preferred stockholders". The Aron affidavit in opposition to a motion for summary judgment in that action alleges that Kadane was a party to the alleged "conspiracy".

A corporation is not an empty shell. It acts through its officers, directors and agents. Litigation involving alleged fraud and conspiracy by a corporation would be res judicata in favor of such persons who conducted its affairs and determined its policies if the plaintiff failed in an action against the corporation to prove the existence of the fraud or conspiracy.

It must also be recognized that the application of res judicata no longer stands on absolute identity or privity of the parties. In Bruszewski v. United States, 3 Cir., 181 F.2d 419, 422, the court said:

"* * * where, as in this case, res judicata is invoked against a plaintiff who has twice asserted essentially the *same claim against different defendants,* courts have * * * enlarged the area of res judicata beyond any definable categories of privity between the defendants." (Italics mine.)

See Riordan v. Ferguson, D.C., 80 F. Supp. 973; Liberty Mutual Ins. Co. v. George Colon & Co., 260 N.Y. 305, 183 N.E. 506. In Restatement of the Law, Judgments, page 389, Sec. 83, it is said that the general rule is:

"A person who is not a party, but who is in privity with the par-

ties in an action terminating in a valid judgment, is, to the extent stated in Sec's 84–92, bound by and entitled to the benefits of the rules of res judicata."

■ If the contention is that Rule 12 is not available, on the motion made by Kadane to dismiss the complaint on the ground that no answer has been filed and res judicata must be raised by defense, the contrary follows from the case of Hartman v. Time, Inc., 3 Cir., 166 F. 2d 127, 1 A.L.R.2d 370. The Hartman case was followed by 348 Bloomfield Ave. Corporation v. Montclair Manufacturing Co., Inc., D.C., 90 F.Supp. 1020.

■ All that remains, therefore, is to reiterate the holding of Judge Hand in Nichols v. Long Island Lighting Co., 2 Cir., 207 F.2d 931, 934, that the proceedings in review of the consolidation plan act as a complete bar to the plaintiff's claim of fraud. He wrote:

" * * * The plaintiffs strenuously opposed the approval of the plan in those proceedings and at that time presented most of the claims made here. They have not presented us with any new claims of fraud that were not known at the time of our decision on the motion to reopen the order in 1952. [In re Long Island Lighting Co., 2 Cir., 197 F.2d 709. While the claims made here may sound in tort they are really the same claims heretofore litigated and determined by us against the plaintiffs.

"For the foregoing reasons we affirm the order of dismissal * * * because our prior decisions are res judicata and as such a bar to the present action".

In sum, it may not be an understatement to infer from the circumstances that have been related that the complaint charges a conspiracy against these defendants to accomplish a result which has been approved by this court and the Court of Appeals.

In the matter of jurisdiction, the failure of the plaintiff to allege the citizenship of each defendant should lead to a dismissal of the complaint for want of jurisdiction. See the careful review in Indemnity Insurance Co. of North America v. Pan-American Airways, D.C., 57 F.Supp. 980. If this were the only jurisdictional defect it could be cured doubtless by amendment. But an amended complaint could not cure the critical issue of res judicata. There must come an end of litigation. The present complaint, as has been stated, rests on the charge of fraud and conspiracy. Those matters were effectually disposed of in prior litigation, and it is with some concern that one finds them here repeated.

■ The complaint may also be criticized for its misstatement of facts. On the basis of public records, during the years 1944, up to and including 1950, Dougall C. Fraser, John Vannek, Samuel Housman, Lee P. Slack, Albert F. Tegen and Laurence M. Marks were neither officers nor directors of the Long Island Lighting Company.

Again the complaint alleges that for the purpose of undoing the proposed State re-capitalization plan, the Langley Committee entered into negotiations with David K. Kadane at a time when the latter was employed by the Securities and Exchange Commission. The fact is that that committee did not come into existence until 1948, and according to the records of the Securities and Exchange Commission, Kadane was separated from its staff on March 29, 1946.

Another misstatement in the complaint is that the defendant Elbert is accused of knowingly giving misleading testimony in the reorganization proceedings before the Securities and Exchange Commission. If the draftsman of the complaint, or Berenson, a member of the firm of plaintiff's attorneys of record who signed the complaint, had consulted the transcript of the proceedings of the Securities and Exchange Commission, he would have found that Elbert had not testified before the Commission during the reorganization proceedings.

The complaint alleges that the action is brought on behalf of twenty-five hundred common stockholders of the Long Island Lighting Company, and that the plaintiff was duly authorized by those stockholders holding upwards of 750,-000 shares of its common stock "to act for and represent them, and to act as agent, attorney, and transact for and in the name of said stockholders any actions and proceedings relating to such stock and in any court, none of which authorizations have, to the best of plaintiff's knowledge and belief, been revoked or withdrawn". In the light of the statements which accompanied the solicitations for these authorizations, it would seem that such authority did not encompass the bringing of an action such as this, but that on the contrary such authority was limited to the reorganization proceedings which were concluded in 1950. See letter of June 14, 1948 addressed to such common stockholders, and signed by J. Donald Halsted, B. F. Grizzle, and by E. M. Nichols, the plaintiff herein.

It is on the basis of the inaccuracies and misstatements, and the fact that the issues set up in this complaint have been decided adversely to the plaintiff, that part of the present motion seeks to have that member of the plaintiff's attorneys of record who signed the complaint disciplined pursuant to the provisions of Rule 11 of the Civil Procedure Rules, and to have the complaint stricken as sham.

When the Kadane motion was called for argument, following the argument on the Jackson motion, Mr. Berenson declined to argue the motion on the ground that he had not received the full five days' notice required by our rules. I suggested to him that he could put in reply affidavits to the Kadane moving papers, but that he declined to do. I was not in the slightest degree impressed by his good faith in this respect, for I find in his affidavit opposing the Jackson motion that he had been working on this case for the last six months.

From what has been said above, the complaint will be dismissed, and stricken from the files as sham.

In respect to that part of the motion which seeks to have counsel disciplined, attention is called to Rule 5 of the rules of this court which sets forth that the chief judge of the court shall have charge of all matters relating to the discipline of members of the bar. In consequence the motions before me are decided to the extent noted; but that part of the motion to discipline the attorney is denied. The latter denial, however, is without prejudice to the institution of proceedings conformable to the provisions of Rule 5. Settle orders.