**Mary ROGOSIN and Kenneth I. Herman, as Trustee for Benefit of Sheril Esta Kupfer, Plaintiffs,**

**v.**

**Charles W. STEADMAN et al., Defendants.**

**No. 69 Civ. 2277.**

United States District Court, S. D. New York.

Dec. 3, 1974.

Ira Jay Sands, New York City, for plaintiffs.

Togo D. West, Jr., Covington and Burling, Washington, D. C., for defendants.

---

## MEMORANDUM AND ORDER

OWEN, District Judge.

These actions commenced separately in 1969 by plaintiffs Mary Rogosin and Kenneth Herman are united in a consolidated supplemental complaint. Each plaintiff owns shares in Steadman Science and Growth Fund, Inc. ("Science") and sued derivatively for the benefit of Science under the Investment Company Act of 1940, the Investment Advisor's Act, and the Securities Acts of 1933 and 1934. The consolidated complaint, noting that Science had merged into Steadman American Industry Fund, Inc. ("American"), charges, among other things, that Science did not receive the best price and execution on purchases and sales of portfolio securities; that certain brokerage commissions and "give-ups" should have been recaptured for the benefit of Science; and that the investment advisor received benefits from the allocation of brokerage commissions which, when coupled with its standard fees, resulted in excessive compensation.

The motions, in order of filing, are as follows: Defendants Steadman and American move for an order striking the complaint as to both plaintiffs as sham and false for improper verifications pursuant to Rule 11, Fed.R.Civ.P. Next, said plaintiffs have each made a cross-motion pursuant to Rule 15 of the Fed.R.Civ.P. for leave to serve and file a new, so-called "duplicate original" of the complaint with "proper" verification. Finally, defendants move for an order dismissing the complaint for failure to allege with particularity a demand upon the Board of Directors or conditions excusing such a demand pursuant to Rule 23.1, Fed.R.Civ.P. I reach only the "verification" issue herein.

Herman, apparently a trustee of a trust for one Sheril Kupfer, verified his original complaint in June 1969. At his deposition, he testified that he was asked to file this complaint by Paul Kupfer, an attorney and Sheril's father. Kupfer brought him the complaint and prior to his verification he skimmed but did not read it. He was aware only generally of its contents.[1] He had no independent knowledge of the facts surrounding the complaint and had no intention of bringing this action prior to the request of Kupfer. He never met anyone from Rosenthal & Gurkin, the attorneys who filed his action, until four years later and did not meet Ira Sands, his attorney in the consolidated action, until a moment before his deposition in August 1973.

In response to the foregoing contained in affidavits on this motion, Herman asserts that he was satisfied to verify the complaint based on Kupfer's representations to him. Kupfer asserts that he requested and acted upon information furnished by one Alfred Gurkin, an attorney. Gurkin states in brief, conclusory fashion that he did the investigating on Kupfer's behalf.

Turning to Mary Rogosin, she testified in her deposition of May 22, 1973, that she did not authorize and was not aware of an action commenced in her name in May 1969 or even that it had been pending during the intervening four years. She first learned of its existence earlier in May 1973. She had not verified the complaint in 1969. Her attorney Sands verified it, reciting that ". . . the plaintiff resides outside of the county within which my office is located and is not presently within said county."[2] However, Mrs. Rogosin at her 1973 deposition testified that she in fact had lived in New York

---

1. On his deposition four years later he had a confused recollection of the defendants he named in the action.

2. Mrs. Rogosin had a "faint recollection" of signing "a piece of paper", apparently a retainer of one Larry Phillips, Esq., at the request of her husband, whom "I trusted . . ." She had no knowledge, however, of what the matter was about, and Phillips was not counsel of record in this action.

City since 1967, and as to Messrs. Sands and Leonard I. Schreiber, her attorneys of record at the time of filing of the original complaint in June 1969, she had not met Sands prior to the day of her deposition in May 1973, and of Schreiber, she knew nothing at all.

In response, in affidavits on this motion, Sands states that it was Mrs. Rogosin's husband who was at all times the guiding force behind the filing of his wife's complaint; that he verified the complaint believing Mrs. Rogosin to have been residing in Baltimore at the time the complaint was filed, and asserts that it was incumbent upon the defendants to point out his error and provide him with the accurate location of his own client; Mr. Rogosin states that his wife was merely following his instructions in all business and legal matters relating to the litigation, and that she understood little if anything about the lawsuit.

Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966) provides appropriate guidance. There, plaintiff Dora Surowitz verified the complaint in her stockholders' action. In a deposition it was learned that she was an immigrant with practically no formal education and limited knowledge of the English language. She did not understand the complaint and in signing the verification relied upon her experienced son-in-law's explanation of the facts. However, it also appeared that it was she who initiated the inquiry into the facts by her son-in-law, who, together with another lawyer, did substantial investigation including interviewing defendant Hilton's own lawyers. Later still, it appears the action was instituted because Mrs. Surowitz, disturbed at Hilton's omitting a dividend, again sought her son-in-law's counsel. It appears that after a meeting with him, she agreed to the action being instituted in her name, and her son-in-law read and explained the complaint to her before she verified it.

Viewing the instant facts in the light of *Surowitz* and the provisions of Rules 11 and 23.1 Fed.R.Civ.P., I note that neither plaintiff here was the motivating force in the institution of these actions.[3] Mrs. Rogosin knew nothing at all of her action until four years later. Herman was satisfied to institute his action at the request of Kupfer, and on the record thus far, there is far from an adequate showing of the nature of the investigation performed by Gurkin which motivated Kupfer to direct plaintiff Herman to institute the action.

I believe it to be fundamental to Rules 11 and 23.1 as well as to the conclusion of *Surowitz*, that the Court be assured that some person, party, attorney, advisor, or otherwise has responsibly investigated the allegations at the behest of the named plaintiff, who then stands behind the merits of the complaint. I do not believe a defendant should be compelled to defend and a Court be compelled to adjudicate the issues in a stockholder's derivative suit where the plaintiff is but a puppet for others, neither instigating the action, nor having interest in or awareness of its basis. Had I before me only Mrs. Rogosin's unvarnished deposition, I would unquestionably dismiss as to her, for I do not believe that *Surowitz* requires this Court to retain an action of which the named plaintiff was unaware for four years. However, there are also before me papers supplementing that deposition raising factual assertions which must be considered.

Consequently, as we stated in *Surowitz* 383 U.S. at p. 371, 86 S.Ct. 845, 15 L.Ed.2d 807, I conclude that a "pretrial investigation might possibly reveal facts surrounding the verifications of the complaint which could justify dismissal of the complaint with prejudice."

3. Brand v. Tish, 253 F.Supp. 122 (S.D.N.Y.1966).

A hearing shall therefore be held on these issues commencing on January 13, 1975 at 4:00 p. m. I intend also to consider on the hearing whether the instant plaintiffs, in any event, are appropriate to "fairly and adequately represent the interests of the shareholders . . ." as required by Rule 23.1, Fed.R.Civ.P.

Given the foregoing, I do not at this time reach other issues raised herein.

So ordered.