**David M. PORTE, Plaintiff,**

v.

**HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF CHICAGO, a Federal Savings and Loan Association, et al., Defendants.**

No. 74 C 3229.

United States District Court, N. D. Illinois, E. D.

Feb. 19, 1976.

Philip H. Corboy & Assoc., Gary L. Specks, Specks & Goldberg, Ltd., Chicago, Ill., for plaintiff.

Robert S. Milnikel of Peterson, Ross, Rall, Barber & Seidel, Gerald White, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This action was removed to this Court from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. Sec. 1441 on the grounds that a federal question was involved. It was instituted by depositors of a savings and loan association on behalf of all depositors and derivatively on behalf of the association against the association, its officers and its directors. The complaint alleges that the individual defendants diverted a business opportunity which came to the association as a result of its loans for home purchases. According to the complaint, the defendants placed homeowners, fire, theft and other insurance policies with an insurance agency owned by one of the officers and directors instead of establishing a subsidiary service corporation for the purpose. The question of whether the defendants were obligated to establish such a service corporation and to channel insurance business to it involves interpretation of the Home Owners' Loan Act, 12 U.S.C. Sec. 1461 et seq., rules and regulations of the Federal Home Loan Bank Board and the federal common law.

The defendants have moved to compel plaintiff to verify his complaint. They assert that such verification is required by Fed.R.Civ.P. 23.1, which provides in part:

> In a derivative suit brought by one or more . . . members to enforce a right of . . . an unincorporated association, the . . . association having failed to enforce a right which may be properly asserted by it, the complaint shall be verified
> . . . .

The plaintiff responded by asserting that, under Rule 81(c), the complaint, which is sufficient under state court rules, need not be verified. That rule reads in part:

> These rules apply to civil actions removed to the United States district courts and govern procedure after removal.

In our judgment, Rule 81(c) does not mean that all pleadings filed before removal need be judged only according to state court procedure. The word "after" is not meant as a time cut-off. We believe the sense of the rule is that removed actions are to be governed by the federal rules, at least in regard to matters involving more than mere form, to the same extent as cases originally filed in the district court. Such an interpretation is, we think, consistent with orderly procedure.

The plaintiff relies upon several cases which he interprets as holding that, where pleading rules in state and federal courts conflict, a plaintiff need not replead after removal. *Istituto Per Lo Sviluppo Economico Dell'Italia Meridionale v. Sperti Products, Inc.*, 47 F.R.D. 310, 312–13 (S.D.N.Y.1969); *Automatic Radio Manufacturing Co. v. National Carbon Co.*, 35 F.Supp. 454 (D.Mass. 1940). These cases are inapposite to the case at Bar. They deal with a federal requirement designed to give proper notice to the defendant, and the courts held that the notice function was fulfilled by the complaint as filed in state court. For example, in *Istituto*, supra, the case most heavily relied on by plaintiff, the state procedure did not require a complaint to be filed in that type of action. Instead, the plaintiff had only to file a "motion for summary judgment." If the motion were denied, it and the defendant's answer would constitute the pleadings from that point on. When the defendant, after removal, moved to compel the plaintiff to file a complaint as required by the federal rules, the court denied the motion, largely because the notice function of the complaint had been more than fulfilled by the papers already on file.

We believe the cases cited by plaintiff are simply illustrative of the proposition that, when the state court procedures have been substantially equivalent to the substance of the federal rules, it will not be necessary to repeat or revise anything after removal. We agree with that proposition.

The purpose of the federal requirement of verification in derivative suits, on the other hand, has not been satisfied by the unverified complaint filed in the Circuit Court. The verification requirement is designed to assure that the facilities of the court will not be used for "strike suits." *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 371, 86 S.Ct. 845, 850, 15 L.Ed.2d 807, 812 (1966). Before a court can proceed with a derivative suit, it must be assured that the plaintiff or some other person has investigated the charges and found them to have substance. *Rogosin v. Steadman,* 65 F.R.D. 365 (S.D.N.Y.1974); *cf. Nussbacher v. Continental Illinois Bank and Trust Co.,* 61 F.R.D. 399 (N.D.Ill.1973).

The defendants' motion is granted and the plaintiff will have thirty (30) days from the date hereof to verify his complaint.